UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAMON PERRY,

    Petitioner,                              Civil No. 2:07-CV-11935
                                          HONORABLE ARTHUR J. TARNOW
v.                                           UNITED STATES DISTRICT JUDGE

DAVID BERGH,

    Respondent,
_____/

## OPINION AND ORDER OF DISMISSAL

Damon Perry, ("petitioner"), presently confined at Camp Lehman in Grayling, Michigan, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he challenges his convictions for assault with intent to commit murder, M.C.L.A. 750.83; M.S.A. 28.278. Respondent has filed a motion to dismiss, contending that petitioner has failed to comply with the statute of limitations contained in 28 U.S.C. § 2244(d)(1). Petitioner has not filed a reply to the motion to dismiss. For the reasons stated below, petitioner's application for a writ of habeas corpus is **DISMISSED**.

## I. Background

Petitioner was convicted following a jury trial. Direct review of petitioner's conviction originally ended on April 29, 1994, when the Michigan Supreme Court denied petitioner leave to appeal following the affirmance of his conviction by the Michigan Court of Appeals. *People v. Perry,* 445 Mich. 872; 519 N.W. 2d 164 (1994).

Petitioner subsequently filed a motion to correct his sentence in the trial court, which the trial court denied. The Michigan Court of Appeals reversed the trial court's

1

order and remanded the matter to the trial court for resentencing. *People v. Perry,* No. 200569 (Mich.Ct.App. February 25, 1998).

On July 23, 1998, petitioner was resentenced to concurrent terms of 10 to 25 years and 20 to 50 years in prison. Petitioner appealed his resentencing to the Michigan Court of Appeals. On November 17, 2000, the Michigan Court of Appeals affirmed his sentences. *People v. Perry,* No. 214707 (Mich.Ct.App. November 17, 2000). Petitioner did not file an application for leave to appeal with the Michigan Supreme Court. [1]

On June 16, 2004, petitioner filed a post-conviction motion for relief from judgment pursuant to M.C.R. 6.500, *et. seq.,* with the Wayne County Circuit Court. After the trial court and the Michigan Court of Appeals denied petitioner's post-conviction application, the Michigan Supreme Court denied petitioner's application for leave to appeal the denial of post-conviction relief on April 28, 2006. *People v. Perry,* 474 Mich. 1130, 712 N.W.2d 718 (2006). The instant petition was signed and dated April 12, 2007.

**II. Discussion**

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a one year statute of limitations shall apply to an application for writ of habeas corpus by a person in custody pursuant to a judgment of a state court. The one year statute of limitation shall run from the latest of:

---

[1] *See* Affidavit of Corbin R. Davis, Clerk of the Michigan Supreme Court, dated June 18, 2007 [This Court's Dkt. Entry # 13].

2

*Perry v. Bergh,* 2:07-CV-11935

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

A petition for writ of habeas corpus must be dismissed where it has not been filed within the one year statute of limitations. *Holloway v. Jones,* 166 F. Supp. 2d 1185, 1188 (E.D. Mich. 2001).

In the present case, petitioner's original appeals ended in 1994. However, in 1998, the Michigan Court of Appeals remanded the matter to the trial court for resentencing. On July 23, 1998, petitioner was resentenced by the trial court. The one year limitations period commenced, at the very latest, on the date that petitioner's resentencing judgment became final. *See Linscott v. Rose,* 436 F.3d 587, 591 (6th Cir. 2006). The Michigan Court of Appeals denied petitioner's appeal from his resentencing on November 17, 2000.

Under M.C.R. 7.302(C)(3), petitioner had fifty six days to file a delayed application for leave to appeal with the Michigan Supreme Court. *Rice v. Trippett*, 63 F. Supp. 2d 784, 787 (E.D. Mich. 1999). Because petitioner did not file an application for leave to appeal with the Michigan Supreme Court, his judgment became final, for

3

purposes of the AEDPA's statute of limitations, on January 12, 2001, fifty six days after the Michigan Court of Appeals denied his appeal sentences following his resentencing. *See Erwin v. Elo,* 130 F. Supp. 2d 887, 889 (E.D. Mich. 2001). Petitioner therefore had until January 12, 2002 to file his petition for writ of habeas corpus with this Court, unless the limitations period was somehow tolled.

Petitioner filed his post-conviction motion for relief from judgment on June 16, 2004, over two years after the one year limitations period had already expired. A state court post-conviction motion that is filed following the expiration of the limitations period for seeking federal habeas relief cannot toll that period pursuant to 28 U.S.C. § 2244(d)(2), because there is no period remaining to be tolled. *See Hargrove v. Brigano*, 300 F. 3d 717, 718, n. 1 (6th Cir. 2002); *See also Jurado v. Burt*, 337 F. 3d 638, 641 (6th Cir. 2003). The instant petition is therefore untimely.

The one year limitations period under the AEDPA is considered a statute of limitations which is subject to equitable tolling, and is not a jurisdictional prerequisite which would bar review by the federal courts if not met. *Dunlap v. United States*, 250 F. 3d 1001, 1004 (6th Cir. 2001). The doctrine of equitable tolling should be used "sparingly," *Dunlap,* 250 F. 3d at 1008-09, and "[a]bsent a satisfactory explanation for his failure to timely file his habeas petition", a petitioner would fail to exercise due diligence in pursuing his claim, and thus would not be entitled to equitable tolling of the limitations period. *Id.* at p. 1010. A habeas petitioner bears the burden of establishing that he or she is entitled to the equitable tolling of the one year limitations period. *Jurado,* 337 F. 3d at 642.

*Perry v. Bergh,* 2:07-CV-11935

In the present case, petitioner is not entitled to equitable tolling of the one year limitations period, because petitioner has failed to allege the existence of any extraordinary circumstances which prevented him from filing his habeas petition on time. *Wilson v. Birkett,* 192 F. Supp. 2d 763, 766-67 (E.D. Mich. 2002). Moreover, petitioner has not shown diligence given that he waited more than two years after the conclusion of his appeal from his resentencing to seek either state post-conviction or federal habeas relief. He is thus not entitled to equitable tolling of the limitations period. *See Cummings v. Yukins,* 197 F. Supp. 2d 785, 788 (E.D. Mich. 2002).

### III. ORDER

Accordingly, the Court **DISMISSES WITH PREJUDICE** the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2244(d)(1).

s/Arthur J. Tarnow
Arthur J. Tarnow
United States District Judge

Dated: November 26, 2007

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 26, 2007, by electronic and/or ordinary mail.

s/Catherine A. Pickles
Judicial Secretary